# Exhibit B

**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **League of Women Voters**, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>**U.S. Department of Homeland Security,** *et al.*,<br><br>Defendants. | **Case No. 1:26-cv-3602** |

**DECLARATION OF ALAN BUTLER**

I, Alan Butler, declare as follows:

1. I am over eighteen years old, of sound mind, and fully competent to make this declaration. I also have personal knowledge of the factual statements contained herein.

2. I am the President and Executive Director of the Electronic Privacy Information Center (EPIC).

**EPIC's Mission and Activities**

3. EPIC is a 501(c)(3) public interest research center established in 1994 to focus public attention on emerging privacy and civil liberties issues. EPIC's mission is to secure the fundamental right to privacy in the digital age for all people through advocacy, research, and litigation. Central to EPIC's mission is oversight of government activities that impact individual privacy, free expression, and democratic values.

4. EPIC conducts numerous activities in furtherance of its mission to secure the fundamental right to privacy. EPIC routinely monitors, analyzes, and educates the public about the collection, use, retention, and transfer of personal information by federal agencies. For example, since 1994, EPIC has produced a monthly publication that covers issues related to

privacy and civil liberties in the Information Age. It currently has a readership of over 10,000, and it is among the longest-running electronic newsletters on the Internet.[1]

5. As described in more detail below, EPIC also conducts oversight of government activities that impact individual privacy, free expression, and democratic values, and it has undertaken considerable research, advocacy, and public education concerning federal privacy abuses.

6. For over 30 years, EPIC has advocated for stronger data privacy and security protections for government information systems, including by calling for regulatory updates and agency practices to strengthen the protections under the Privacy.

7. Defendants' actions have directly hindered EPIC's mission of securing the fundamental right to privacy in the digital age for all people. By unlawfully collecting, maintaining, and transmitting personal information, including Social Security numbers, driver's license numbers, dates of birth, addresses, phone numbers, demographic information, voting history, and other personal information contained in the statewide voter registration lists, Defendants have directly violated Americans' privacy rights. By failing to disclose lawfully required information, Defendants have prevented EPIC from ensuring oversight of and educating the public on government activities that impact individual privacy, free expression, and democratic values. Their actions have caused harm to EPIC.

8. EPIC's informational injuries are time sensitive. I understand that the agencies are currently using the unlawfully collected and transmitted data in connection with ongoing election administration efforts and appear intent on doing so in the immediate aftermath of the election. Because the government's actions are tied to the ongoing election cycle, EPIC has an immediate need for the information the agencies failed to disclose in order to fulfill its organizational mission and inform the public and its members about the privacy risks

---

[1] *See* EPIC Alert, EPIC, https://epic.org/alert/.

associated with the government's actions in a timely manner. Every additional day Defendants use the unlawfully collected information without the proper disclosures causes further injury to EPIC that we cannot repair.

**EPIC's Use of SORNs and Other Statutorily Mandated Disclosures**

9. In pursuit of its mission, EPIC has made extensive use of public notices and records concerning the collection, use, retention, and transfer of personal information by federal agencies. These include System of Records Notices ("SORNs") and notices of new or intended uses of information mandated by the Privacy Act of 1974 and public notices in the Federal Register mandated by the Paperwork Reduction Act. The information published in the Federal Register through these notices is indispensable for EPIC to fulfill its organizational mission because it enables EPIC to identify, analyze, comment upon, shape advocacy around, focus public attention on, and in some cases undertake litigation to halt the collection, use, retention, and transfer of personal information by federal agencies.

10. EPIC has relied on these records, and other public notices, on hundreds of occasions to formulate comments,[2] testimony,[3] reports,[4] published analysis,[5] educational materials,[6]

---

[2] *See, e.g.*, EPIC, Comments on Circular No. A-108, Federal Agency Responsibilities for Review, Reporting, and Publication under the Privacy Act (Oct. 28, 2016), https://archive.epic.org/apa/comments/EPIC-OMB-Cir-A-108-Comments-10-28-2016.pdf.

[3] *See, e.g.*, Testimony of Caitriona Fitzgerald, EPIC Deputy Director, on Big Data: Privacy Risks and Needed Reforms in the Public and Private Sectors (Feb. 2022), https://epic.org/wp-content/uploads/2022/02/EPIC-HouseAdmin-Feb2022.pdf.

[4] *See, e.g.*, EPIC, DHS's Data Reservoir (Aug. 2022) https://epic.org/wp-content/uploads/2022/08/DHS-Data-Reservoir-Report-Aug2022.pdf.

[5] *See, e.g.*, EPIC, Memorandum on The Pentagon Recruiting Database and the Privacy Act (July 15, 2005), https://archive.epic.org/privacy/student/epic_dod_71505.pdf.

[6] *See, e.g.*, EPIC Alert 28.01, EPIC (Feb. 2, 2021), https://archive.epic.org/alert/epic_alert_28.01.html; EPIC Alert 24.18, EPIC (Oct. 2, 2017), https://archive.epic.org/alert/epic_alert_24.18.html; EPIC Alert 22.22, EPIC (Nov. 25, 2015), https://archive.epic.org/alert/epic_alert_22.22.html; EPIC Alert 21.24, EPIC (Dec. 19, 2014), https://archive.epic.org/alert/epic_alert_21.24.html; EPIC Alert 21.23, EPIC (Dec. 10, 2014),

statements to the press and public,[7] responses to requests for information from policymakers,[8] litigation materials, and requests under the Freedom of Information Act (FOIA).[9]

11. For example, EPIC has relied on SORNs to understand and respond to Immigration and Customs Enforcement (ICE) and Customs and Border Protection (CBP)'s use of location surveillance technologies and methods of obtaining location information. On July 27, 2022, EPIC provided testimony to the U.S. House Committee on Homeland Security's Subcommittee on Border Security, Facilitation, & Operations, in which EPIC described CBP's use of facial recognition as part of its Biometric Entry-Exit program and warned of the issues with the program and the threat CBP's use of facial recognition poses to individuals and our society.[10] In August 2022, EPIC released a report describing the ICE and CBP databases and

---

https://archive.epic.org/alert/epic_alert_21.23.html; EPIC Alert 20.19, EPIC (Oct. 3, 2013), https://archive.epic.org/alert/epic_alert_20.19.html.

[7] *See, e.g.*, EPIC, Coalition Object to Selective Service System's Expanding Data Disclosure, EPIC (Jan. 27, 2026), https://epic.org/epic-coalition-object-to-selective-service-systems-expanding-data-disclosures/; EPIC Comments Call on USDA to Abandon Plan for Nationwide SNAP Database, EPIC (July 17, 2025), https://epic.org/epic-comments-call-on-usda-to-abandon-plan-for-nationwide-snap-database/; EPIC Urges DHS to Suspend New Counterintelligence Records System, EPIC (Jan. 13, 2021), https://archive.epic.org/2021/01/epic-urges-dhs-to-suspend-new-.html; In Comments to Defense Dept. EPIC Urges Adherence to Privacy Act, Algorithmic Fairness, EPIC (Apr. 22, 2019), https://archive.epic.org/2019/04/in-comments-to-defense-dept-ep.html; EPIC Urges Department of Defense to Limit Disclosure of Personnel Records, EPIC (Nov. 16, 2018), https://archive.epic.org/2018/11/epic-urges-department-of-defen-1.html.

[8] *See, e.g.*, EPIC, Comments to Rep. Lori Trahan on Efforts to Reform Privacy Act of 1974 and Protect Americans' Data from Government Abuse (Mar. 18, 2025), https://epic.org/wp-content/uploads/2025/05/Trahan-RFI-EPIC-Comments-Final.pdf; Letter from EPIC to Sen. Daniel Akaka Concerning Privacy Act Modernization Act of 2011 (Mar. 27, 2012), https://archive.epic.org/privacy/1974act/EPIC-on-S-1732-Privacy-Act-Modernization.pdf.

[9] *See, e.g.*, EPIC, FOIA Request to Department of Homeland Security (Apr. 12, 2011), https://epic.org/wp-content/uploads/privacy/socialnet/EPIC-FOIA-DHS-Social-Media-Monitoring-04-12-11.pdf.

[10] *See, e.g.*, Testimony of Jeramie Scott, EPIC Senior Counsel, on Assessing CBP's Use of Facial Recognition Technology (July 2022), https://epic.org/wp-content/uploads/2022/07/Testimony-Scott-CBP-FRT-Use-2022.07.27.pdf.

record systems that store location information and providing policy recommendations to protect the right to privacy.[11]

12. EPIC also routinely relies on this information to submit comments on SORNs and other proposed agency actions related to information databases and to mobilize its members and partners to do the same. On December 1, 2025, EPIC led a coalition of organizations in submitting written comments addressing computer matching agreements to the Social Security Administration (SSA) and to the Department of Homeland Security (DHS) and on the SAVE Program SORNs. In addition to these comments, EPIC has submitted dozens of SORN and computer matching agreement comments over the years.[12]

---

[11] *See, e.g.*, EPIC, DHS's Data Reservoir (Aug. 2022) https://epic.org/wp-content/uploads/2022/08/DHS-Data-Reservoir-Report-Aug2022.pdf.

[12] EPIC et al., Comment Letter on Selective Service System SORN (Jan. 16, 2026), https://epic.org/wp-content/uploads/2026/01/Comments-SSS-SORN-16JAN2026.pdf; EPIC, Comment Letter to the U.S. Department of Agriculture on the National Supplemental Nutrition Assistance Program (SNAP) Information Database SORN (July 16, 2025), https://epic.org/documents/comments-of-epic-to-the-usda-on-system-of-records-notice-for-the-snap-information-database/ (responding to 90 Fed. Reg. 26521, 26521); EPIC, Comment Letter to the U.S. Customs and Border Protection on the Electronic Visa Update System (EVUS) SORN (July 27, 2023), https://epic.org/wp-content/uploads/2023/07/EPIC-Comments-DHS-EVUS-Social-Media-Jul-2023.pdf; EPIC et al., Comment Letter to the U.S. Department of Health and Human Services on HIV Prevention Medication Distribution Records SORN (Feb. 22, 2023), https://epic.org/documents/comments-of-epic-chlp-prep4all-and-patient-privacy-rights-to-hhs-on-hiv-prep-database-sorn/; EPIC, Comment Letter to the General Services Administration on Login.gov SORN (Dec. 21, 2022), https://epic.org/wp-content/uploads/2022/12/EPIC-comments-GSA-LoginDotGov-SORN-Dec-2022.pdf; EPIC, Comment Letter to the Department of Homeland Security on Counterintelligence Program System of Records SORN (Jan. 13, 2020), https://archive.epic.org/apa/comments/EPIC-Comments-DHS-Counterintelligence-SORN-January-2021.pdf; EPIC, Comment Letter to the Department of Homeland Security on DHS Insider Threat Program SORN (Apr. 9, 2020), https://archive.epic.org/apa/comments/EPIC-DHS-Insider-Threat-Apr2020.pdf; EPIC, Comment Letter to the Department of Defense on DOD Insider Threat Management and Analysis Center (DITMAC) & DOD Component Insider Threat Records System SORN (June 20, 2016), https://archive.epic.org/apa/comments/EPIC-Comments-DoD-Insider-Threat-Database.pdf; EPIC, Comment Letter to the Department of Homeland Security on Insider Threat Program SORN (Mar. 28, 2016), https://archive.epic.org/apa/comments/EPIC-DHS-Inisder-Threat-Comments.pdf; EPIC, Comment Letter to the Department of Justice on Insider

13. SORNs, notices of new or intended uses of information, and other statutorily mandated public notices are often the only records available to EPIC of how and why a federal entity is collecting personal information, what information is being collected, what burdens collection will impose, how the information may be used, with whom it may be shared, how it will be stored and secured, and whether and when it will be disposed of. A public accounting of these details is both required by law and vital to the protection of the vast quantities of personal data that the federal government collects and uses or intends to collect and use.

14. When agencies do not post SORNs or other notices required to be published in the Federal Register, EPIC must resort to seeking this information through FOIA requests.[13] However, FOIA requests are imperfect. They assume EPIC is aware of the record collection at all, and thus require a substantial amount of vigilance and effort on the part of EPIC. Responses to

---

Threat Program Records SORN (June 30, 2017), https://archive.epic.org/apa/comments/EPIC-DOJ-Insider-Threat-Database.pdf; EPIC, Comment Letter to U.S. Customs and Border Protection on Automated Targeting System SORN (June 21, 2012), https://archive.epic.org/privacy/travel/ats/EPIC-ATS-Comments-2012.pdf; EPIC, Comment Letter to the Department of Homeland Security on DHS National Infrastructure Coordinating Center Records SORN (Dec. 15, 2010) https://epic.org/wp-content/uploads/privacy/fusion/EPIC_re_DHS-2010-0086_0085.pdf; EPIC, Comment Letter to the Department of Health and Human Services on the National Disaster Medical System (NDMS) Patient Treatment and Tracking Records System SORN (July 26, 2007), https://archive.epic.org/apa/comments/EPIC-HHS-Med-Patient-Tracking.pdf; EPIC et al., Comment Letter on Computer Matching Between the Selective Service System and the Department of Education (Dec. 21, 2004), https://archive.epic.org/privacy/student/sssdatamatch.html (responding to a computer matching agreement between SSS and DoE, 69 Fed. Reg. 64353, 64353 (Nov. 4, 2004)).

[13] EPIC, FOIA Request to U.S. Department of Agriculture's Food and Nutrition Service (May 27, 2025), https://epic.org/wp-content/uploads/2025/05/25-05-27-USDA-FOIA-Request-SNAP-data-demand.pdf (requesting all proposed and final SORNs for the system or records that USDA/FNS has used or planned to used to store and retrieve SNAP data); EPIC, FOIA Request to U.S. Census Bureau (Mar. 8, 2019), https://epic.org/wp-content/uploads/foia/dhs/ois/EPIC-19-03-08-DHS-OIS-FOIA-20190308-Request.pdf; EPIC, FOIA Request to Department of Homeland Security's National Protection Programs Directorate (Apr. 12, 2018), https://epic.org/wp-content/uploads/foia/dhs/media-monitoring-services/EPIC-v-DHS-18-1268-FOIA-request-041318.pdf.

FOIA requests also take a substantial amount of time to receive and do not guarantee that EPIC will receive all of the information it seeks. This delay is especially harmful because time is of the essence when reviewing and pushing back against new harmful data systems

**Informational Injuries to EPIC**

15. Defendants moved ahead with collecting, maintaining, augmenting, and transmitting voter lists (and using the transmitted voter lists to demand that states and counties sequester or disallow ballots) without going through the required SORN, notice of new or intended use, and publication in the Federal Register processes.

16. When Defendants failed to timely publish these notices with respect to the collection, use, and disclosure of voter lists, EPIC was denied information essential to its operations, and EPIC's mission of focusing public attention on emerging privacy and civil liberties issues and securing the fundamental right to privacy was materially impaired. Specifically, EPIC was not able to assess how complete and accurate the augmented voter lists are, and whether there are enough safeguards to protect people's privacy and voting rights.

17. Without this vital information, EPIC is kept in the dark about exactly how its members' information and the information of many Americans is being used and the magnitude of the privacy risks to eligible naturalized, derived, and U.S.-born citizen registrants and voters.

18. Defendants' failure to disclose the information required has hindered EPIC's mission by preventing EPIC from ensuring oversight of government activities that impact individual privacy, free expression, and democratic values. EPIC has been prevented from fully evaluating the protections in place for the personal records implicated in the collection of the statewide voter registration lists; fully informing EPIC members, the public, the press, and other parties about the risks and protections associated with the voter lists and their recently

expanded use by Defendants to ask states to purge voter rolls or sequester ballots; and advising EPIC's members whether they should take additional steps to safeguard their privacy.

19. As a result, EPIC cannot properly educate the public, policymakers, or its members about these risks and how to mitigate them.

**Procedural Injuries to EPIC**

20. The opportunities to submit comments are also crucial for EPIC to fulfill its organizational mission because they enable EPIC to provide its expertise to inform and shape agency action to protect the public and its members with respect to issues affecting privacy rights.

21. EPIC is one of the few organizations in the country that regularly exercises its right as an "interested person" under the Privacy Act "to submit written data, views, or arguments" concerning systems of records detailed in the Federal Register. 5 U.S.C. § 552a(e)(11).

22. Defendants' failure to provide for timely, meaningful notice-and-comment opportunities on Defendants' creation, maintenance, and use of the statewide voter registration lists denies EPIC its rightful opportunity to be heard and frustrates EPIC's mission. As a result, EPIC must divert its limited resources to more burdensome methods of advocacy for its members and the public, including litigation, the development of public resources and analysis, and the provision of expertise to lawmakers and members of the press.

23. Had EPIC been provided such an opportunity, it would have raised the privacy and security risks attendant to the federal government matching large volumes of personal information across sources and offered potential solutions to safeguard sensitive personal information in a manner that could be constructive to Defendants' policy goals while protecting privacy rights. This feedback could have protected EPIC's members and the public from the reputational and privacy injuries those individuals now face. This feedback could also have saved the resources

and time that EPIC has expended, and continues to expend, in response to the lack of opportunity to comment.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 28, 2026.

Alan Butler