**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Defendants. | Civil Action No. 1:26-cv-03602 |

## PLAINTIFFS' OBJECTION TO NOTICE OF RELATED CASES

### Introduction

This case is not related to either *Trujillo v. U.S. Department of Homeland Security*, No. 1:26-cv-03072 (D.D.C.), or *DSCC v. Trump*, No. 1:26-cv-03674 (D.D.C.). Judge Sooknanan *already* determined in a written order that this case is not related to *Trujillo*, *see* Minute Order (Oct. 16, 2026), and after *Trujillo* was reassigned to Judge Boasberg, he accepted that *DSCC is* so related, *see* Notice of Related Case, *DSCC*, No. 1:26-cv-03674 (D.D.C. Oct. 20, 2026), Dkt. No. 2. This case is not related to others because, as explained in detail below, this is a Privacy Act challenge to the government's nationwide "policy of collecting, maintaining, and using voter records." Minute Order (Oct. 16, 2026). By contrast, *Trujillo* challenges federal action "directed at California," *id.*—not the nationwide policy Plaintiffs challenge here—and *DSCC* focuses on removing voters from rolls and similar actions. These rapidly-moving cases "each involve unique factual circumstances that will affect how they are resolved on the merits," *id.,* and relation would not serve the judicial economy purposes that Local Rule 40.5 was designed to promote.

## ARGUMENT

The "related case rule" of Local Rule 40.5 is an "exception to the general rule of random case assignment." *Autumn Journey Hospice, Inc. v. Sebelius*, 753 F. Supp. 2d 135, 139 (D.D.C. 2010). "The principle behind the related case rule is that in certain instances, the strong presumption of random case assignment is outweighed by the interests of judicial efficiency in narrow circumstances, such as when virtually identical and highly overlapping issues of fact are likely to be resolved in two cases." *Comm. on Judiciary v. McGahn*, 391 F. Supp. 3d 116, 121 (D.D.C. 2019). "The burden on the party claiming relation is heavy as random assignment of cases is essential to the public's confidence in an impartial judiciary." *Dakota Rural Action v. United States Dep't of Agric.*, No. CV 18-2852 (BAH), 2019 WL 1440134, at *1 (D.D.C. Apr. 1, 2019). "Deviating from [the] foundational principle" of random assignment "is appropriate only if the relationship between the two cases is certain." *Id.* Defendants have not established any basis for departing from this foundational rule.

Earlier in this case, Judge Sooknanan determined that this case was not related to *Trujillo et al. v. U.S. Department of Homeland Security et al.*, 26-cv-3072 (D.D.C.).[1] *See* Minute Order (Oct. 16, 2026). She reasoned that while the two cases "might encompass similar legal issues, they each involve unique factual circumstances that will affect how they are resolved on the merits." *Id.* Specifically, this case involves a "challenge to a DHS policy of collecting, maintaining, and using voter records, while *Trujillo* is a challenge to federal government action directed at California." *Id.*

---

[1] In connection with their original complaint, Plaintiffs filed a notice of related case identifying *Trujillo*. *See* ECF No. 3.

After Judge Sooknanan declined relation in this case, *Trujillo* was reassigned to Judge Boasberg, as Judge Sooknanan determined that *Trujillo* was also not related to another case on her docket. *See* Minute Order, *Trujillo*, No. 1:26-cv-03072 (D.D.C. Oct. 19, 2026); Reassignment, *Trujillo*, No. 1:26-cv-03072 (D.D.C. Oct. 20, 2026). Around the same time, Plaintiffs in *DSCC* filed suit. Complaint, *DSCC*, No. 1:26-cv-03674 (D.D.C. Oct. 20, 2026), Dkt. No. 1. They sought to relate their case to *Trujillo*. *See* Notice of Related Case, *DSCC*, No. 1:26-cv-03674 (D.D.C. Oct. 20, 2026), Dkt. No. 2. And while *DSCC* was reassigned to Judge Boasberg along with *Trujillo*, *see* Reassignment, *DSCC*, No. 1:26-cv-03674 (D.D.C. Oct. 21, 2026), it has stayed with him since then. Emergency proceedings in both cases are moving forward at a rapid clip.

Incredibly, Defendants now seek to relate this case to *Trujillo* (and its own related case filed after this one, *DSCC*) without even acknowledging Judge Sooknanan's prior order finding relation to be inappropriate. And while Plaintiffs subsequently amended their complaint on October 28, 2026, *see* ECF No. 13, Judge Sooknanan's reasoning still applies. This case remains a challenge to the government's "policy of collecting, maintaining, and using voter records." And *Trujillo* remains "a challenge to federal government action directed at California"—not the nationwide policy Plaintiffs challenge here. Minute Order (Oct. 16, 2026). *DSCC*, meanwhile, was filed five days *after* the complaint here, and involves a challenge to the government's efforts to "remove registered voters from their rolls, to withhold their ballots, or to segregate or refuse to count the ballots they have cast"—not anything about voter data, and not asserting any violations of the Privacy Act, which are claims at the heart of this case. Complaint, *DSCC*, No. 1:26-cv-03674, ¶ 7 (D.D.C. Oct. 20, 2026), Dkt. No. 1.

Moreover, relating the cases would not serve judicial efficiency given that this case has been assigned to Judge Chutkan for two weeks and all three cases are developing rapidly in the days before Election Day, November 3.

For the aforementioned reasons, this Court should refuse Defendants' request to revisit Judge Sooknanan's prior order and decline to relate this case to *Trujillo* and *DSCC*.

Dated October 30, 2026

Respectfully submitted,

*/s/ Louis R. Katz*

Louis R. Katz (D.C. Bar No. 90003861)
Briana M. Clark (D.C. Bar No. 1735505)
J.P. Cooney (D.C. Bar No. 494026)
Ronald A. Fein (D.C. Bar No. 90026641)
Brian D. Netter (D.C. Bar No. 979362)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
lkatz@democracyforward.org
bclark@democracyforward.org
jpcooney@democracyforward.org
rfein@democracyforward.org
bnetter@democracyforward.org

*Counsel for Plaintiffs*

John B. Hill (D.C. Bar No. 90044825)
Reuven Dashevsky (D.C. Bar No. 90046789)*
Haley Y. Florsheim (D.C. Bar No. 90041575)^
Nikhel S. Sus (D.C. Bar No. 1017937)
Citizens for Responsibility
and Ethics in Washington
P.O. Box 14596
Washington, DC 20044
(202) 408-5565
jhill@citizensforethics.org
rdashevsky@citizensforethics.org
hflorsheim@citizensforethics.org
nsus@citizensforethics.org

* Admitted *pro hac vice*
^ Admitted *pro hac vice*, notice of appearance forthcoming

*Counsel for Plaintiffs*