United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO, et al.,<br>Plaintiffs,<br>v.<br>UNITED STATES DEPARTMENT OF JUSTICE, et al.,<br>Defendants. | Case No. 26-cv-12800-TLT<br><br>**ORDER GRANTING TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 17 |

One of the hallmarks of a fair election is the freedom to exercise the right to vote free from threat, fear, or intimidation. Free exercise of the right to vote is a core tenet of our democracy. It requires safeguarding to ensure full participation and public trust in our elections. Election Day is around the corner. Ballots have already been issued. Americans have already begun voting. Workers have already begun processing ballots. Given the consequences of inaction, the Court sees no reason to delay its ruling.

Pending before the Court is Plaintiffs Service Employees International Union, AFL-CIO**,** American Federation Of State County And Municipal Employees, AFL-CIO, League of United Latin American Citizens, National Association for the Advancement of Colored People (collectively, "Plaintiffs") *Ex Parte* Motion for Temporary Restraining Order. ECF 17. Plaintiffs requests that the Court enjoin Defendants United States Department of Justice, Attorney General Todd Blanche, United States Department of Homeland Security, and Secretary Markwayne Mullin (collectively, "Defendants") from carrying out a series of efforts to actually or attempting to

United States District Court
Northern District of California

intimidate, threaten, or coerce election workers who aid others in exercising their right to vote. ECF 17-1 at 5.

Plaintiffs allege (1) intimidation in violation of Section 11(b) of Voting Rights Act, 52 U.S.C. §10307(b); (2) violation of Constitutional Federalism (citing U.S. Constitution Elections Clause U.S. Const. art. I, §4, cl. 1 and the Tenth Amendment); (3) violation of the Due Process Clause (Denial of the Fundamental Right to Vote); (4) violation of Due Process (Interference with Right to Fair Elections); (5) Ultra Vires Unlawful and Unconstitutional Governmental Action; (6) violation of the Administrative Procedure Act, 5 U.S.C. §706(2)(A) (Action Contrary to Law); (7) violation of Administrative Procedure Act, 5 U.S.C. §706(2)(C) (Action Exceeding Statutory Authority); (8) violation of Administrative Procedure Act, 5 U.S.C. §706(2)(B) (Action Exceeding Constitutional Authority); and (9) violation of Administrative Procedure Act, 5 U.S.C. §706(2)(A) (Arbitrary and Capricious Agency Action).

For the reasons stated below, the Court **GRANTS** Plaintiffs' *Ex Parte* Motion for Temporary Restraining Order.

## I. BACKGROUND

The following facts are drawn from Plaintiffs' *Ex Parte* Motion for Temporary Restraining order and Complaint:

Election day for the 2026 midterm election is approaching on November 3, 2026. ECF 17-1 at 6. In the lead-up to the election, high-ranking DOJ and DHS officials have engaged in a campaign to intimidate, threaten, and coerce state and local officials and employees who are engaged in administering the ongoing midterm 2026 election. Compl. ¶ 2. Although Defendants claim that their actions are designed to halt unlawful voting by noncitizens, their actions are likely to have the effect of interfering with election administration and disenfranchising lawful voters. *Id.* ¶ 4. "Specifically, Defendants have threatened the criminal prosecution of state and local election workers if they process and count ballots using procedures required by federal and state law." *Id.* ¶ 2.

Defendants have delivered letters to officials and employees in California threatening criminal prosecution under an aiding and abetting theory against any election worker who processes

the ballots of purportedly unlawful voters. *Id.* ¶¶ 9-10. On October 13, 2026 Defendants sent letters demanding that the California Secretary of State and Los Angeles County Registrar California officials sequester the ballots of approximately 20,000 registered California voters whom Defendants "believe" are "likely" non-citizens. *Id.* ¶ 9. When the State and Los Angeles County refused, Defendants sued them in the Central District of California. *Id.* ¶ 10.

Thereafter, on October 23, 2026, DOJ delivered letters to county officials and employees across California, "threaten[ing] criminal prosecution of any election worker who participated in processing a ballot cast by a voter whom Defendants allege is ineligible to vote." *Id.* ¶ 11. These letters were delivered by armed DHS officials. *Id.* ¶ 11. During the same time period, DOJ opened a criminal investigation into county elections officials and issued federal grand jury subpoenas pursuant to that investigation. *Id.* ¶ 12.

Several days letter, on October 26, 2026, Defendants sent a letter to the State of Washington identifying potential non-citizens and demanding that the Washington Secretary of State halt the processing of ballots. *Id.* ¶ 13.

On October 29, 2026, "it was publicly reported that DOJ directed federal prosecutors to pursue criminal subpoenas of state and local election officials in California, supposedly for facilitating unlawful voting." *Id.* ¶ 14. DOJ initiated a criminal investigation and issued grand jury subpoenas. *Id.* ¶ 14. Defendants' threats to criminally prosecute election workers and initiate criminal investigations are ongoing and are interfering with the lawful administration of elections. *Id.* ¶¶ 15-18.

## II. LEGAL STANDARD

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) ("[T]he legal standards applicable to TROs and preliminary injunctions are substantially identical." (internal quotation marks and citation omitted)). An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008). And "a TRO 'should be restricted to . . . preserving the status quo and preventing irreparable harm just so long as is

United States District Court
Northern District of California

necessary to hold a [preliminary injunction] hearing and no longer.'" *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974)).

A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20. "[I]f a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted). "[W]hen the Government is the opposing party," the final two factors "merge." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

## III. DISCUSSION

As a preliminary matter, the Court finds that the requirements for issuing a temporary restraining order without notice pursuant to Federal Rule of Civil Procedure 65(b) are met. Given the fast-approaching date of the Election, Plaintiffs have set forth specific facts showing that immediate and irreparable injury, loss, or damage may result before the adverse party can be heard in opposition. Having found that the requirements of Federal Rule of Civil Procedure 65(b) are met, the Court also finds that Plaintiffs have demonstrated that they will likely succeed on the merits of their claims; will likely suffer irreparable harm in the absence of preliminary relief; and that the balance of equities and the public's interest weigh in favor of granting relief.

The Court finds that Plaintiffs are likely to prevail. On the first Winter factor, Defendants likely violated Section 11(b) of the Voting Rights Act, 52 U.S.C. §10307(b), because the record shows that Defendants intimidated, threatened, or coerced election workers. *See* ECF 19-3 ¶¶ 14, 19-7, Ex. 13, 19-8, Exs. 31, 32, 38, 41; *CNA v. Mullin*, No. 26-cv-10680, 2026 WL 3166149, at *8 (N.D. Cal. Oct. 21, 2026); *see also Ariz. All. for Retired Ams. v. Clean Elections USA*, 638 F. Supp. 3d 1033, 1041 (D. Ariz. 2022); *see also Mich. Welfare Rts. Org. v. Trump*, 642 F.Supp.3d 98, 106-07 (D.D.C. 2022).

Defendants also exceeds their authority under the Elections Clause because the Constitution reserves to the States the "authority to provide a complete code for congressional elections, not only as to times and places, but in relation to notices, registration, supervision of voting, protection of voters, prevention of fraud and corrupt practices, counting of votes, duties of inspectors and canvassers, and making and publication of election returns." *Roudebush v. Hartke*, 405 U.S. 15, 24 (1972); *see* U.S. Const. art. I, § 4, cl. 1; *see also Arizona v. Inter Tribal Council of Ariz., Inc.*, 570 U.S. 1, 9 (2013) (explaining that States retain "responsibility for the mechanics of congressional elections" (internal quotation marks omitted)). Given the urgency of the TRO, the Court does not find it necessary to analyze whether Defendants violate the Fifth Amendment and/or the APA at this time.

As to the second *Winter* factor, Defendants' conduct has already caused and continues to cause irreparable harm in the absence of a temporary restraining order. Defendants' intimidation, threats, and attempts at coercion force election workers daily to choose between acceding to Defendants' unlawful demands or adhering to their duties and thereby subjecting themselves to a serious risk of criminal investigation and prosecution. *See* ECF 19-1 ¶¶ 13–14, ECF 19-4 ¶¶ 6, 10–12, 21, 28–32, ECF 19-7, Ex. 17, ECF 19-8, Exs. 23–25. Further, this irreparable harm may extend to tens of thousands of lawfully registered voters because Defendants allege they are non-citizens. "[T]he deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (citation omitted); *accord Rodriguez v. Robbins*, 715 F.3d 1127, 1144–45 (9th Cir. 2013).

The final two *Winter* factors, the balance of the equities and public interest, merge and weigh heavily in favor of granting temporary relief. Because the public has a paramount interest in ensuring that election officials and workers are able to carry out their work in accordance with federal law and election procedure, and the official day of the Elections is only a couple of days away, the balance of the equities and public interest weigh in Plaintiffs' favor. *Am. Encore v. Fontes*, 152 F.4th 1097, 1120 (9th Cir. 2025) ("Vindication of constitutional rights is always in the public interest."); *United States v. California*, No. 2:26-cv-12025-DOC-ADS, 2026 WL 3252428, at *15 (C.D. Cal. Oct. 28, 2026) ("Constitutional rights and our democracy [for voting rights] are

at stake. The public interest favors their protection. [] The public interest also favors the protection of election staff, who are working diligently to ensure that all citizens can cast their votes.").

## IV. CONCLUSION

For the foregoing reasons, the **GRANTS** Plaintiff's *Ex Parte* Motion for Temporary Restraining Order to preserve the status quo pending further briefing and a hearing on this matter.

Plaintiffs have established that Defendants' intimidation plan and implementing actions threatening state and local government elections workers with criminal prosecution likely violate Section 11(b) of Voting Rights Act of 1965, 52 U.S.C. §10307(b) and the United States Constitution's Elections Clause and Fifth and Tenth Amendments; that these actions are ultra vires; and that these actions are final agency actions within the meaning of the Administrative Procedure Act, are contrary to law and exceed constitutional and statutory authority, and are arbitrary and capricious. When state and local government employees perform the work of distributing, processing, or counting ballots or otherwise administering the 2026 midterm election in the manner required by their state and federal laws governing the administration of elections, they do not violate federal criminal law even if a particular ballot belongs to a registered voter alleged by Defendants to be ineligible to vote.

The Court therefore **ORDERS** that Defendants, as well as their officers, agents, servants, employees, and attorneys and other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B) (collectively, hereinafter, "Defendants"), are temporarily enjoined and stayed, including under 5 U.S.C. §705, from the following:

(1) Defendants shall not threaten, intimidate or coerce state or local elections officials or workers to demand that they halt processing the ballots of any registered voter solely on the basis that the ballot belongs to an individual alleged by Defendants to be ineligible to vote;

(2) Defendants shall not demand that any state or local election official (i) remove specific registered voters from their statewide voter registration lists; (ii) refuse to issue ballots to specific registered voters; or (iii) segregate or otherwise not count any ballots cast by specific registered voters for the November 3, 2026 General Election, solely on the

United States District Court
Northern District of California

basis that the ballot belongs to an individual alleged by Defendants to be ineligible to vote;

(3) Defendants shall not threaten state or local election officials and workers with criminal prosecution for failure to comply with such demands;

(4) Defendants shall not threaten state or local election officials and workers with criminal prosecution for processing or counting ballots in the 2026 election in compliance with state and federal laws that govern election administration on the basis that a ballot belongs to an individual alleged by Defendants to be ineligible to vote.

(5) The Court further ORDERS Defendants to inform any State, county, or any other local government to which any Defendant sent a letter regarding the processing and counting of ballots in the 2026 election and any list of individuals alleged by Defendants to be ineligible to vote that the demands and threats of prosecution to election officials and workers reflected in that letter have been enjoined.

(6) The Court further ORDERS Defendant U.S. Department of Justice to inform the Court of any pending search warrant applications, grand jury subpoenas, or other demands to access election materials or ballots pertaining to any list of individuals alleged by Defendants to be ineligible to vote, or compel testimony related thereto.

## V. DATES AND DEADLINES

The General Election is set to occur on November 3, 2026. This Temporary Restraining Order will expire at **5:00 p.m. on November 16, 2026**.

//

//

//

Based upon the evening filings, the briefing schedule [ECF 22] is amended as follows:

**Defendant** shall file papers responding to Plaintiffs' request for a preliminary injunction by no later than **noon on Monday, November 2, 2026**;

**Plaintiffs'** optional reply shall be due on **November 5, 2026 by noon.**

The Court will hold a preliminary injunction hearing on **November 13, 2026 at 11 a.m. in Department 9, 19th Floor**.

IT IS SO ORDERED.

Dated: October 30, 2026

TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California