**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Defendants. | Civil Action No. 1:26-cv-3602 |

**[REVISED PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER, STAY UNDER 5 U.S.C. § 705, AND/OR PRELIMINARY INJUNCTION**

On October 29, 2026, Plaintiffs League of United Latin American Citizens ("LULAC") and Electronic Privacy Information Center ("EPIC") filed a motion for a temporary restraining order, a stay under section 705 of the Administrative Procedure Act, and/or a preliminary injunction. On October 31, 2026, Defendants filed an opposition to Plaintiffs' motion for preliminary relief. The Court held a hearing on Plaintiffs' motion on October 31, 2026, during which counsel for both parties presented argument. Plaintiffs subsequently filed a reply brief later the same day. Pursuant to Fed. R. Civ. P. 65(b) and Local Civil Rule 65.1(a), the Court finds as follows:

1. Plaintiffs LULAC and EPIC have shown a likelihood of success on their claims that Defendants violated the Administrative Procedure Act and the Privacy Act by disclosing and transmitting statutorily protected voter data to states and localities and demanding that states and localities use the data to take special actions with respect to those voters' ballots pursuant to their Voter Data Transmission Policy.

2. Absent immediate relief, Plaintiffs LULAC and EPIC will suffer immediate and irreparable injury. Specifically, Defendants' unlawful Voter Data Transmission Policy poses an imminent risk of harm to Plaintiffs, their members, and the public writ large because it harms Plaintiffs' core operating missions, threatens their members' fundamental right to vote and to have their votes counted, and deprives them of critical information they are legally entitled to receive.

3. The relief below is limited to what is necessary to provide complete preliminary relief to Plaintiffs.

Accordingly, it is hereby **ORDERED** that the Motion is **GRANTED** as follows:

**ORDERED** that the Voter Data Transmission Policy is [temporarily enjoined and] stayed under 5 U.S.C. § 705;

**ORDERED** that Defendants, as well as their officers, agents, servants, employees, and attorneys and other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B) (collectively, hereinafter, "Defendants"), are [temporarily enjoined and] stayed, including under 5 U.S.C. § 705, from further disclosing, transmitting, or releasing data purporting to constitute lists of individual potential or actual non-citizen voters or registered voters, to any State, county, municipal, or other local official, employee, or officer responsible for administering voter registration, issuing or processing ballots, verifying signatures, or tabulating or certifying votes. For avoidance of doubt, this order does not preclude Defendants from (1) responding to an inquiry seeking to verify or ascertain the citizenship or immigration status of any individual through the Systematic Alien Verification for Entitlements (SAVE) system, or (2) prosecuting violations of federal law.

**ORDERED** that Defendants must file a status report within 24 hours of the issuance of this order (a) confirming compliance with this order and (b) identifying a senior responsible

official responsible for ensuring such agency's continued compliance, including the compliance of persons who are in active concert or participation with Defendants or their officers, agents, servants, employees, and attorneys.

This order shall remain in effect [until 14 days after entry] [pending further orders from this Court.]

Date: November , 2026.

____________________
Hon. Tanya S. Chutkan
United States District Judge